THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: August 20, 2013

G. Michael Halfenger
United States Bankruptcy Judge

U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In Re: PETER L. ZUIKER
TAMARA L. ZUIKER
4410 West Meadow Circle E
Mequon WI  53092
Debtor(s)

Chapter 13

Case No. 2013-24737-GMH-13

ORDER CONFIRMING MODIFIED PLAN

Submitted by Trustee Thomas J King

**Partial Plan Summary**:
**Effective Date: August 19,  2013**
**$2,900.00 monthly for remaining 57 months of this 60 month plan.  Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of not less than $140,405.40**
**See modified plan filed July 23, 2013 for complete plan terms**

  The debtor(s) modified plan filed on July 23, 2013, having been transmitted to creditors; and no objections having been filed;
  It appearing from the plan and the file in this case that;
  1.  The plan complies with the provisions of Chapter 13 and with other applicable provisions of the Bankruptcy Code;
  2.  The filing fee and any other amounts required to be paid before confirmation have been paid;
  3.  The plan has been proposed in good faith and not by any means forbidden by law;
  4.  The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the
  debtor(s) were liquidated under Chapter 7 on such date;

     5. Each holder of an allowed secured claim provided for by the plan has accepted the plan; or the debtor(s) surrendered the property securing such claim to such holder; or the plan provides that the holder of such secured claim retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under §1328; and the value on the effective date of the plan of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

     6. The debtor(s) will be able to make all payments under the plan and to comply with the plan;

     7. The debtor(s) has no domestic support obligations.

     8. The debtor(s) has filed all applicable federal, state and local tax returns as required by §1308.

IT IS ORDERED, that the debtor(s) plan is confirmed;

IT IS FURTHER ORDERED, that the debtor(s) shall not, without obtaining prior written consent of the Trustee or an Order of the Court, become liable for money borrowed or property of any kind purchased on credit; and if the debtor(s) fail to comply with this Order, the plan shall be subject to dismissal or to such other remedial and corrective action as the Court may deem appropriate, after such notice to the debtor(s) and other interested persons as the Court may direct;

IT IS FURTHER ORDERED, property of the estate shall revest in the debtor(s) upon discharge. That during the pendency of the plan confirmed herein, all property of the estate, as defined in §1306(a) of Title 11 of the United States Code, shall remain under the exclusive jurisdiction of the Court and the debtor(s) shall not, without the appropriate consent of the Chapter 13 Trustee, or the Court, sell or otherwise dispose of or transfer such property other than in accordance with the terms of the plan confirmed herein;

IT IS FURTHER ORDERED that funds paid to and in the possession of the Trustee pursuant to the plan are trust funds for distribution under the plan and shall not revest in the debtor(s) at any time.

IT IS FURTHER ORDERED THAT DEBTOR(S):

*Timely file all federal and state tax returns which the debtors(s) are otherwise required to file by law and send copies of said returns to the trustee each year the plan is in effect

*Pay all disposable income to the trustee for the life of the plan unless all allowed claims are to be paid in full in three years or less.

*If the debtor(s) engaged in business, file monthly financial statements with the trustee.

#####